## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT/ARREST WARRANT

I, Brad Smith, Special Agent, Drug Enforcement Administration (DEA), Hampton, Virginia, being duly sworn, state the following:

1.    I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since March 2004. Before joining the DEA, I was a police officer for seven years in Hampton, Virginia, spending three of those years assigned to a narcotics investigation unit and two years as a Task Force Agent assigned to the Bureau of Alcohol, Tobacco and Firearms (ATF). With DEA I was assigned to the DEA Miami Field Division until October 2016 when I transferred to the Washington Field Division and am currently assigned to the Hampton Post of Duty. I have received specialized training regarding the detection and investigation of drug trafficking organizations while with the police department and the DEA. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the police department and DEA.

2.    I have probable cause to believe that Rodolfo Antonio FONSECA Flores, Johnny Eduardo VASQUEZ Batista, Anthony Alexander ARAICA Calderon and Jair VELASQUEZ Angulo have committed the following offense in violation of federal law: Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503). Your affiant is aware these crimes may be prosecuted in any district of the United States. (46 U.S.C. § 70504).

### PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

3.    Since November 2018, the DEA Hampton Post of Duty, in partnership with Homeland Security Investigations Norfolk and DEA Bogota, have been investigating maritime

1

smuggling operations based on the Pacific coast of Colombia as well as throughout the Caribbean. Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels, hereafter referred to as GFV, to transport multi-hundred kilogram shipments of narcotics from source countries to awaiting transfer vessels or other destinations with final distribution being the United States of America.

4.  On December 15, 2020, a helicopter from the USS William P. Lawrence detected a target of interest approximately 62 nautical miles southwest of the border of Panama and Costa Rica. The target of interest was described as a 35 foot long blue GFV with two 200 horsepower outboard engines having four persons on board with visible fuel barrels and packages of suspected contraband on the deck. The GFV appeared to be disabled and unable to travel. As the crew of the GFV observed the helicopter three of the crew members immediately began to jettison the packages of suspected contraband overboard while the fourth worked to make the boat operational. Approximately fifty orange packages of contraband were observed being jettisoned from the GFV by the crew onboard the GFV. From my training and experience investigating cases of this nature, I know that the packages the crew were throwing into the ocean were visually consistent with previously interdicted packages containing cocaine.

5.  Additional air assets responded to support the interdiction and detected a second GFV approaching the first GFV. Once the second GFV observed the authorities it fled the area being pursued by a helicopter. Surface assets with a law enforcement boarding team obtained positive control of the first GFV and made contact with the four crew members on board, while in international waters, and identified the crew members as Rodolfo Antonio FONSECA Flores, Johnny Eduardo VASQUEZ Batista, Anthony Alexander ARAICA Calderon

2

and Jair VELASQUEZ Angulo. FONESCA, VASQUEZ and ARAI CA claimed Costa Rican nationality while VELASQUEZ claimed Colombian nationality.

6.      There was no indicia of nationality observed on the vessel and when asked about the nationality of the vessel FONSECA, the captain of the GFV, stated it was from Costa Rica and that they were fishing for dolphin. There was nothing observed on the GFV that supported the claim of fishing. The government of Costa Rica could neither confirm nor deny nationality of the GFV. A search was conducted by three helicopters and two marine patrol aircraft but they were unable to locate any of the jettisoned contraband due to rough seas and the time delay in conducting a debris field search.

7.      When law enforcement asked the GFV crew if they would rather stay on their GFV or move to the patrol vessel, FONSECA replied "You don't have anything on us. The helicopter must have seen us picking up drugs that didn't belong to us and when our engines stopped working we dropped it in the water". ION SCANS of the hands of VELASQUEZ and VASQUEZ were positive for the presence of cocaine. All four mariners found aboard the GFV were detained and are being transferred to the Eastern District of Virginia for prosecution.

3

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge that Rodolfo Antonio FONSECA Flores, Johnny Eduardo VASQUEZ Batista, Anthony Alexander ARAICA Calderon and Jair Velasquez ANGULO with Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503).

FURTHER YOUR AFFIANT SAYETH NOT.

Brad Smith, Special Agent
Drug Enforcement Administration

Reviewed by:

Eric M. Hurt
Assistant United States Attorney

Sworn and subscribed to
before me telephonically
On this 11th day of January 2021

Douglas E. Miller
2021.01.11
15:56:37 -05'00'

Douglas E. Miller
United States Magistrate Judge
Norfolk, Virginia

4